# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

BILLY JOE BATES,                         :
                                         :
       Plaintiff,                    :
                                         :
VS.                                      :
                                         :        CASE NO. 4:12-CV-082-CDL-MSH
                                         :
DONALD BOWEN,                            :
                                         :        PROCEEDINGS UNDER 42 U.S.C. §1983
       Defendant.                    :        BEFORE THE U. S. MAGISTRATE JUDGE
_____

## ORDER

Plaintiff Billy Joe Bates, an inmate at the Harris County Prison in Hamilton, Georgia, has attempted to file a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff, however, has failed to present his claim on the standard 42 U.S.C. § 1983 forms required by this Court.  He is thus **ORDERED** to complete and submit a standard 42 U.S.C. § 1983 form.   Therein, Plaintiff should describe the specific actions taken by the defendant or the duties he failed to perform that violated Plaintiff's constitutional rights.

Plaintiff has also failed to pay the $350.00 filing fee or otherwise seek leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).   Because Plaintiff has not paid the filing fee, the Court will assume he wishes to proceed *in forma pauperis*.   Plaintiff is thus further **ORDERED** to file a pauper's affidavit and a certified copy of his trust account statement for the six-month period prior to the date Plaintiff filed his Complaint.

To facilitate Plaintiff's compliance with this Order, the Clerk of Court shall forward

the appropriate 42 U.S.C. § 1983 forms and pauper's affidavit to Plaintiff together with a copy of this Order.   Plaintiff must then complete and file the requested documents with the Court within **TWENTY-ONE (21) DAYS** of the date of this Order.   All documents submitted in this case must show the case number: **4:12-CV-082-CDL-MSH**.   Failure to comply with this Order will result in the dismissal of Plaintiff's Complaint.

To the extent that Plaintiff seeks immediate injunctive relief, his current pleading fails show that this type of extraordinary relief is warranted.   He has not demonstrated (1) "a substantial likelihood of success on the merits of the underlying case"; (2) that he will suffer "irreparable harm in the absence of an injunction"; (3) that the harm suffered by Plaintiff "in the absence of an injunction would exceed the harm suffered by the opposing party if the injunction issued"; or (4) that "an injunction would not disserve the public interest." *See Grizzle v. Kemp*, 634 F.3d 1314, 1320 (11th Cir. 2011) (quoting *N. Am. Med. Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1217 (11th Cir. 2008)).   Plaintiff's request for such relief is accordingly **DENIED**.

There shall be no service of process in this case until further order of the Court.

SO ORDERED, this the 12th day of April, 2012.

S/ Stephen Hyles
UNTED STATES MAGISTRATE JUDGE

2